BRUNOT, J.
 

 Morgan & Lindsey, a commercial partnership, domiciled in the .town of Jasper, Jasper county, Tex., and Ellis Variety Stores, a commercial partnership domiciled in Lake Providence, East Carroll parish, La., entered into contract whereby Morgan & Lindsey agreed to buy from Ellis Variety Stores, and the latter agreed to sell to the former, the entire stock of goods, merchandise, and store fixtures contained in four stores which were owned and operated by the Ellis Variety Stores. One of the said stores was located in each of the following towns: Eudora, in the state of Arkansas, and Lake Providence, Tallulah, and Ferriday, in the state of Louisiana. It was agreed that the transfer of the stores would be made under the terms of the Bulk Sale Law of this state (Act No. 270 of 1926), and that the sale should be completed and consummated on May 16, 1927. Section 2 of the said act provides that a full and detailed inventory of the property proposed to be sold under the terms of that act shall be made by the contracting parties ten days before the completion of the sale or the transfer of the property, and that not less than ten days before the completion of the sale and transfer, the vendor shall furnish the vendee with a statement, ■ verified under oath, showing the names and addresses of all of its creditors, together with the amount due each one of them, and, within the same period of time prior to the sale and transfer, the vendee is required by the act to notify each of said creditors of the terms of the sale,, the consideration therefor, the date fixed for the completion of the sale and transfer of the ljroperty and to furnish to each creditor a copy of said attested list of creditors.
 

 
 *1076
 
 The price to be paid for the property was the cost price of all store fixtures, as shown on the inventory, and $1.15 for each dollar of the invoice price of the merchandise, plus 7 per cent, additional, to cover the cost of freight and drayage. The contract provided for the giving of earnest by Morgan & Lindsey in the sum of $5,000. In this connection we quote the following from the contract, viz.:
 

 “Said Morgan & Lindsey have paid to said First National Bank of Lake Providence, Louisiana, said sum of Five Thousand Dollars ($5,000.00) and this original contract has been delivered to said the First National Bank of Lake Providence, Louisiana, by the parties hereto contemporaneously with said payment of Five Thousand Dollars ($5,000.-00), and said the First National Bank of Lake Providence, Louisiana, is hereby instructed to hold' the original of said contract together with said sum of Five Thousand Dollars ($5,000.00) subject to the joint written order •of the parties hereto until the 16th day of May, 1927, inclusive, and if the said bank has not received a joint written order from the said parties hereto for said original contract and said, sum of Five Thousand Dollars ($5,000.00) before the 16th day of May, 1927, inclusive, the said bank is authorized to deliver to said Ellis Variety Stores on the 17th day of May, 1927, the said original of said contract, together with said sum of Five Thousand Dollars ($5,000.00) deposited by Morgan & Lindsey as earnest money as hereinabove set forth.”
 

 The contract also conditionally provides for the transfer to Morgan & Lindsey, without additional consideration, and with full subrogation, all rights of Ellis Variety Stores under their leases, as lessees of the four stores they occupied, and in which they conducted business.
 

 The petition recites all of the provisions of the lengthy contract. It is alleged therein that inventories of the stock and fixtures were taken of the store in Eudora, Ark., and of the stores at Lake Providence and Tallulah, La.; that the inventory of the Tallulah store was completed on May 3, 1927, and the representatives of the plaintiff and defendant were preparing to leave Tallulah that day, for Ferriday, to inventory the stock and fixtures in the store at that-place, when the levee on the Mississippi river, at a point near Tallulah, gave way and the waters from the river inundated the country adjacent to and below the break; that notice of the break was given by the blowing of whistles and the sounding of other alarms; that the people were warned to board trains that were held in waiting to carry them. to safety; that the representative of Ellis Variety Stores immediately left Tallulah, saying to the representatives of Morgan & Lindsey, as he was leaving, “I’ll see you boys later;” that the inventory was not completed within the time fixed in the contract for the completion of the sale and transfer of the property; that the failure to complete the said inventory is not attributable to any fault of Morgan & Lindsey or of their representatives; and that Ellis Variety Stores did not furnish Morgan & Lindsey with an attested list of their creditors, notwithstanding that they had contracted to do so within the time and in the manner provided by Act No. 270 of 1926.
 

 The prayer of the petition is for a judgment annulling the contract of purchase- and sale, directing the defendants, within a time to be fixed by the court, to pay to the plaintiff the $5,000 deposited, as earnest, in the First National Bank of Lake Providence, or, in default thereof, for judgment against Ellis Variety Stores and the First National Bank of Lake Providence, in solido, for the sum of
 
 *1078
 
 $5,000, with legal interest thereon from judicial demand and for costs.
 

 Both defendants excepted to the suit; the Ellis Variety Stores upon the ground that the petition did not disclose a cause of action against it, and the First National Bank of Lake Providence upon the ground that the petition did not disclose either a right or cause of action against it.
 

 After the exceptions were filed, the petition was amended. Thereupon the exceptions were renewed, they were heard, and the trial judge sustained both exceptions and dismissed the plaintiffs’ suit. The appeal is from that judgment.
 

 After reading the record, we have reached the conclusion that whether the judgment appealed from should be affirmed or reversed hinges on the interpretation that should be given the provision of the contract for the forfeiture of the earnest money. The facts alleged in the petition and the contractual obligations assumed by the plaintiff and the Ellis Variety Stores towards each other lead us to the conclusion that any interpretation of the contract by and between the plaintiff and Ellis Variety Stores, which absolves the latter from the performance of its obligations under the contract and holds the plaintiff to a strict performance of its contractual obligations, which obligations were made impossible of performance, not by any fault of the plaintiff, but solely by the failure of the Ellis Variety Stores to perform, would be manifestly unjust and inequitable. We find that it would be necessary to so interpret the contract in this record in order to sustain the judgment appealed from. This is an exceptional case, and in the brief of counsel for plaintiff it is well said:
 

 “We take it that the courts will not sacrifice justice and equity in order to enforce a literal interpretation of an agreement to forfeit earnest money in a contract. In this case the earnest money was deposited by plaintiff as a guarantee that
 
 when all the conditions
 
 of the contract had been
 
 fulfilled
 
 and the contract was ready to be
 
 consummated
 
 it would go on with the trade and accept the transfer of the property and pay the price with the earnest, money credited on it. * '* *
 
 The performance of all of the requirements of Act No. 270 of 1926
 
 was a
 
 condition precedent
 
 to the obligation of the plaintiff to pay the price,
 
 and since the requirements of said Act were not complied with”
 
 (counsel might have said by the Ellis Variety Stores), “the obligation to pay the price never arose or came into existence.”
 

 We think the petition states a.cause of action, and, as to the defendant bank, it states a right of action because the bank, as the depository of the earnest, is a necessary party to the suit.
 

 For these reasons it is decreed that the judgment appealed from be and it is hereby avoided, that both exceptions be and they are overruled, and the case be and it is remanded to be proceeded with according to law. It is further decreed that the costs of this appeal be paid by appellees.